STATE *ex rel.* ROBERSON, Attorney-General, v. SOUTHERN
RY. CO. *et al.*

[89 South, 769.  No. 21804.]

MONOPOLIES.  *Federal Acts held not to interfere with state's power to
        punish railroad corporations for prior violations of its laws.*
    Neither the Clayton Anti-Trust Act of Oct. 1914, the act of March
        21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919,
        sections 3115¾a–3115¾p.), providing for the federal control of
        railroads, nor the federal Transportation Act of Feb. 28, 1920,
        interferes with the power of the state to punish railroad cor-
        porations for violations of its laws committed by such corpora-
        tions prior to the enactment of the said federal statutes.

APPEAL from chancery court of Lauderdale county.
HON. G. C. TANN, Chancellor.

Proceedings by the state, on the relation of Frank Rob-
erson, attorney-general against the Southern Railway Com-
pany and others.  Bill dismissed, and plaintiff appeals.
Reversed and remanded.

*Frank Roberson,* attorney-general, *H. C. Holden,* assist-
ant attorney-general, and *S. A. Whitherspoon,* for appel-
lant.

*A. S. Bozeman, T. C. Catchings, J. E. Jeffries, Carl Fox,
J. Blance Monroe, C. C.* and *Alex. P. Humphrey,* for appel-
lees.

SMITH, C. J., delivered the opinion of the court.

At the November, 1913, term of the court below the ap-
pellant exhibited its bill charging the continuous violation
by the defendants, since 1895, of sections 1007, 3560, 3587,
and 4437, Code of 1892, which now appear as sections 4057,
5002, and 5005, Code of 1906 (Hemingway's Code, sections
6685, 3281, and 3287), by which the consolidation of com·

peting railroads and the making of contracts or agree-
ments in restraint of trade, etc., are prohibited.  The pen-
alty imposed by these statutes, and herein sued for, in-
cludes fines and the forfeiture of domestic charters and of
the right to do business in this state.  Several of the defend-
ants are domestic corporations, and all of them are engaged
in interstate commerce.

In September, 1919, the court below dismissed the ap-
pellant's bill, pursuant to a motion filed by the appellees
praying therefor, the ground of which is that the appellees'
railroads had been taken over by the Director General of
Railroads pursuant to the act of Congress approved March
21, 1918, entitled "An act to provide for the operation of
trans ortation systems while under federal control, for
the just compensation of their owners, and for other pur-
poses" (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp.
1919, sections 3115 3-4a-3115 3-4p), which act does not per-
mit the further prosecution of this suit.

The act of Congress here invoked can have no bearing
upon the appellant's right to punish the appellees for any
past violations by them of its laws.  It may be that a decree
against the appellees could not have been enforced to the
extent of interfering with the operation of their railroads
by the Director General while they were under his control,
but as to that we are not now called on to express an opin-
ion; for that fact, if such it be, would at most have only
suspended the full enforcement of the decree while the
appellees' railroads were being operated by the Director
General.

But it is contended by the appellees that the decree of
the court below should be affirmed if for any other rea-
son it was without jurisdiction to award the relief prayed
for at the time the cause was dismissed, or would be with-
out jurisdiction so to do should its decree be now reversed.

Among the reasons assigned for the court below being
without jurisdiction to award the relief prayed for at the
time the cause was dismissed is that the act of Congress
known as the Clayton Anti-Trust Act, enacted in October,

1914 (38 Stat. 730), has displaced the anti-trust laws of the states in so far as they apply to interstate railroads; and, if mistaken in that, they say that the court below would be without jurisdiction now to award the relief prayed for because the Interstate Commerce Commission, pursuant to the Federal Transportation Act of February 28, 1920 (41 Stat. 456), has granted permission to the appellees and other railroad companies to combine their roads into practically one system.

Without reference to the effect of these federal statutes upon the statutes of the state as to matters occurring after the enactment of the federal statutes, they neither legalize, nor prohibit punishment for, past violations of state laws.

*Reversed and remanded.*

ANDERSON and ETHRIDGE, JJ., because of prior connection therewith, took no part in the decision of this cause.